UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CR-5015-TAV |
| | ) | |
| DANNY PIXLER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's pro se motion for early termination of supervised release [Doc. 30].

The defendant pleaded guilty to failure to remit taxes, in violation of 26 U.S.C. § 7202 [Doc. 1-2]. Judge John G. Heyburn II, of the United States District Court for the Western District of Kentucky sentenced the defendant to sixty months' imprisonment followed by three years of supervised release [*Id.*]. Pursuant to the terms of the defendant's plea agreement, the sentence was to run concurrently with day-for-day credit for time served and not to exceed the defendant's sentence in *United States v. Pixler*, Case No. 08-60171-CR-ZLOCH [Doc. 1-3].

In support of the motion, the defendant submits that he was placed on community control/halfway house supervision on September 7, 2013 [Doc. 2]. He was then released to home confinement on or about October 4, 2013 [*Id.*]. On or about March 7, 2014, the

defendant was released and reported to his probation officer that day [*Id.*]. He asserts he has had no violations while on supervised release and that all of the conditions of supervision have been satisfied, including restitution payments at a rate higher than that ordered by the Court [*Id.*]. He further asserts he has a stable residence and wife, and that he has no history of violence and does not pose a threat to any individual or the community [*Id.*]. Finally, he states that he has been employed since October 2013 [*Id.*].

The government opposes the defendant's request, and so does the Probation Office [Doc. 3]. This opposition is based upon the fact that the defendant still owes hundreds of thousands of dollars in restitution [*Id.*].

As the defendant is currently on supervised release, the relevant statute provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> (1)  terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the Court does not find, at this time, that the factors support an early termination of the defendant's supervised release. While the Court notes the defendant's submission that he has complied with the conditions of his supervised release and is gainfully employed, which the Court

2

commends, the Court cannot overlook the fact that the defendant still owes a significant amount of restitution. Thus, at this stage in his term of supervised release, the Court finds that continuation of this term is needed to reflect the seriousness of the offense, promote respect for the law, and to provide restitution.

In sum, the Court does not find that an early termination of the defendant's supervised release would be appropriate at this time. Because the Court does not find that the requirements of 18 U.S.C. § 3583(e)(1) have been satisfied, the defendant's request for early termination of supervised release [Doc. 2] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE

3